LEGGETT *et al. v.* PETERSON, and *vice versa.*

CANDLER, J.   1. Where to an action of complaint for land the defendant files a plea in which he merely denies the material portions of the petition and avers " that he is in possession of said premises under and by a good and perfect title," he may amend his plea by setting up in himself an equitable title to the land and the right to the possession thereof.

2. The evidence demanded a finding that the administrators of a common grantor of the plaintiffs and the defendants sold the property in dispute at public outcry as the property of their decedent, to pay debts and for distribution; that the defendant had a complete chain of title from the purchaser at the administrators' sale; that the sale was had by order of the court of ordinary and after compliance with the usual procedure in such cases; and that the plaintiffs or their predecessors in title received the benefit of the proceeds of the sale, never having made any effort to repudiate it or to refund the money thereby received. *Held,* that the defendant showed a perfect equitable title as against the plaintiffs, regardless of any defects or irregularities in the administrators' sale; and it was not error to direct a verdict in his favor.

3. The judgment on the main bill of exceptions being affirmed, the cross-bill will, in conformity to the uniform practice in such cases, be dismissed.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. All the Justices concur, except Evans, J., disqualified.*

Argued January 30, — Decided March 2, 1905.

Complaint for land.    Before Judge Evans.    Coffee superior court.    March 17, 1904.

*W. P. Ward* and *Leon A. Wilson*, for plaintiffs.

*C. A. Ward, Lankford & Dickerson*, and *Dart & Roan*, for defendant.